Filed 4/1/21  P. v. Ivory CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C090493 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF185165) |
| v. | |
| TERRANCE IVORY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Terrance Ivory has asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Our review of the record has disclosed that the trial court erroneously imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)),[1] a $30 restitution collection fee (§ 1202.4, subd. (*l*)), and a $300 suspended parole revocation restitution fine (§ 1202.45) for "each felony conviction."  The court should have imposed

---

[1]     Further undesignated statutory references are to the Penal Code.

1

these amounts for each case. (*People v. Soria* (2010) 48 Cal.4th 58, 62-63; §§ 1202.45, 1202.4, subd. (b).) We will modify the judgment to correct this error. Finding no other arguable errors favorable to defendant, we will affirm the judgment as modified.

FACTUAL AND PROCEDURAL BACKGROUND

The amended second consolidated information charged defendant with oral copulation with a child aged 10 years or younger (§ 288.7, subd. (b)—counts 1-2), sexual penetration of a child aged 10 years or younger (§ 288.7, subd. (b)—count 3), lewd and lascivious acts on a child under the age of 14 (§ 288, subd. (a)—counts 4-5, 8-22, 25), possession of child pornography (§ 311.11, subd. (a)—count 6), vandalism (§ 594, subds. (a), (b)(2)(A)—count 7), and lewd and lascivious acts on a child under the age of 14 by use of force or violence (§ 288, subd. (b)(1)—counts 23-24). The information further alleged as to counts 8 and 10 that defendant kidnapped the victim (§ 667.61, subds. (d)(2), (j)(2)), that defendant committed counts 11 through 20 during the commission of a burglary (§ 667.61, subds. (a), (d)(4)), and that as to counts 4, 5, and 8 through 24, the multiple victim enhancement would apply (§ 667.61, subd. (e)(4)).

Defendant later entered a conditional plea of no contest to counts 1, 2, 9, and 25 in exchange for dismissal of the remaining counts and enhancements, as well as a stipulated aggregate sentence of 30 years to life. He further agreed to waive his appellate rights except for sentencing errors. The stipulated factual basis for his plea was the three preliminary hearing transcripts. Defendant also waived his right to be interviewed for his presentence report, but asked that the court consider the reports generated in association with his not guilty by reason of insanity plea, which had concluded that defendant understood the wrongfulness of his actions even if he may have been suffering from mental illness.

On September 16, 2019, the court sentenced defendant in accordance with the plea agreement. For the indeterminate term, the court sentenced defendant to 15 years to life on count 1 with 15 years to life consecutive on count 2. For the determinate term, the

court set count 9 as the principal term and imposed the midterm of six years. It then added another two years consecutive for count 25. Finally, the court imposed the determinate term concurrent with the indeterminate term and awarded 384 days custody credit plus 57 days conduct credit for a total of 441 days.

The court then imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $30 restitution collection fee (§ 1202.4, subd. (*l*)), and a $300 suspended parole revocation restitution fine (§ 1202.45) for "each felony conviction." Finally, the court imposed four $40 court security fees (§ 1465.8) and four $30 criminal conviction assessment fees (Gov. Code, § 70373). Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we note that the trial court erroneously imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $30 restitution collection fee (§ 1202.4, subd. (*l*)), and a $300 suspended parole revocation restitution fine (§ 1202.45) for "each felony conviction." The court should have imposed these amounts for each case as required by the statutes. (*People v. Soria, supra*, 48 Cal.4th at pp. 62-63; §§ 1202.45, 1202.4, subd. (b).) Here, defendant's plea resolved three separate cases that had been consolidated for trial. Under these circumstances, the court should have imposed only one set of these fines. (See, e.g., *Soria,* at pp. 63-64 [explaining *People v. Ferris* (2000) 82 Cal.App.4th 1272, which had concluded only one set of fines would apply to all cases that had been " 'substantively tried and sentenced' " even if not formally consolidated].)

3

We can and will correct this error on appeal.  (See, e.g., *People v. Smith* (2001) 24 Cal.4th 849, 852-853 [unauthorized, nondiscretionary sentence subject to review and correction on appeal].)  Finding no other arguable errors favorable to defendant, we will affirm the judgment as modified.

## DISPOSITION

We modify the judgment to impose one $300 restitution fine (§ 1202.4, subd. (b)), one $30 restitution collection fee (§ 1202.4, subd. (*l*)), and one $300 suspended parole revocation restitution fine (§ 1202.45).  We further direct the trial court to modify the minute order following sentencing to accurately reflect this judgment.  The court shall also modify the abstracts of judgment to reflect the $30 fee on the $300 restitution fine (§ 1202.4, subd. (*l*)) and forward said documents to the Department of Corrections and Rehabilitation.  The judgment is affirmed as modified.


　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　BLEASE, Acting P. J.



We concur:



　　　　／s／
DUARTE, J.



　　　　／s／
RENNER, J.


4